**FEDERAL PUBLIC DEFENDER**
Districts of South Dakota and North Dakota
101 South Main Avenue, Suite 400
Sioux Falls, SD 57104

**Jason J. Tupman**     Telephone: (605) 330-4489
Federal Public Defender     Fax: (605) 330-4499

October 18, 2023

Mr. Michael E. Gans, Clerk
United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
Room 24.329
111 South 10th Street
St. Louis, MO 63102

    RE: *Thomas Joseph Brewer v. United States*, No. 22-3452

Dear Mr. Gans:

Appellant Thomas Joseph Brewer, through counsel, respectfully submits this notice of supplemental authority under Fed. R. App. P. 28(j) regarding matters discussed during oral argument on October 17, 2023.

First, Brewer provides the citation for *United States v. Frazier*, 48 F.4th 884 (8th Cir. 2022), a case discussed in relation to the issue of whether the Court's opinion in *McCoy v. United States*, 960 F.3d 487 (8th Cir. 2020) can be reconsidered in light of the Supreme Court's opinion in *Borden v. United States*, 141 S. Ct. 1817 (2021).

In *Frazier*, the Court acknowledged that its prior opinion holding that Iowa Intimidation with a Dangerous Weapon qualified as a crime of violence under the force clause "must be reconsidered in light of *Borden* . . . ." 48 F.4th at 886. Similarly, the Court's pre-*Borden* holding in *McCoy* that because simple recklessness qualified under the force clause under then-applicable circuit precedent, the heightened form of recklessness required for voluntary manslaughter must as well, can and should be reconsidered based on *Borden*.

Second, Brewer informs the Court that on the day of the oral argument in this case, the Ninth Circuit issued an opinion holding that federal voluntary manslaughter qualifies as a "crime of violence" under 18 U.S.C § 924(c)(3)(A). *United States v. Draper*, __ F.4th __, No. 17-15104, 2023 WL 6817659, at *8 (9th Cir. Oct. 17, 2023).

Brewer respectfully submits that the Ninth Circuit's opinion in *Draper* is not binding here. Additionally, as discussed during oral argument, this Court's holding that second-degree murder qualifies as a "crime of violence" was based on the unique

status of "malice aforethought," which does not appear in the voluntary manslaughter statute. *See Janis v. United States*, 73 F.4th 628, 631 (8th Cir. 2023), *reh'g denied* (Oct. 18, 2023) (contrasting second-degree murder with voluntary manslaughter). *Draper* does not compel a finding that voluntary manslaughter qualifies as a "crime of violence" under the force clause.

        Sincerely,

        JASON J. TUPMAN
        Federal Public Defender
        By:

        */s/ Molly C. Quinn*
        Molly C. Quinn, Chief Appellate Attorney
        Attorney for Appellant Thomas Joseph Brewer

cc:  Thomas Joseph Brewer
    Kevin Koliner, Assistant U.S. Attorney

2

Appellate Case: 22-3452  Page: 2  Date Filed: 10/18/2023 Entry ID: 5327239